Carl A. STOUT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–0504–CR–189.

Court of Appeals of Indiana.

Sept. 22, 2005.

Transfer Denied Nov. 9, 2005.

David W. Stone, IV, Anderson, for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Carl Stout appeals his sentence for two convictions of Sexual Misconduct with a Minor as a Class B felony and one conviction as a Class C felony. Specifically, Stout claims that the trial court failed to properly find and balance the aggravating and mitigating factors and that his sentence is inappropriate in light of the nature of his offenses and his character. Because the trial court properly found and weighed

the aggravators and mitigators and because his sentence is not inappropriate, we affirm.

## Facts and Procedural History

Stout lived with his wife, Joy, and Joy's daughter from a previous marriage, K.H. Between June 2002 and March 2003, Stout touched, had sexual intercourse with, and engaged in deviate sexual conduct with K.H., who was between fourteen and sixteen years old at that time. The State charged Stout with Count I: Sexual Misconduct with a Minor as a Class C felony[1] and Counts II and III: Sexual Misconduct with a Minor as a Class B felony.[2] Pursuant to a plea agreement, Stout pled guilty to all three charges, and the parties agreed to leave sentencing to the discretion of the trial court, with the only restriction being that the sentences would run concurrently.[3]

In sentencing Stout, the court found Stout's lack of significant criminal history, his honorable military service, and the fact that he pled guilty to be mitigating factors. The court also found two aggravating factors: first, Stout had violated his position of trust with K.H. in perpetrating the acts of sexual misconduct, and second, Stout's "[r]epeated victimization" of K.H. Tr. p. 42. Finally, finding that the aggravators outweighed the mitigators, the court sentenced Stout to the presumptive term of four years on Count I, the maximum term of twenty years, with five years suspended, on Count II, and the maximum term of twenty years, with five years suspended, on Count III. All three sentences were ordered to run concurrent with each other, for a total executed sentence of fifteen years. Stout now appeals his sentence.

1. Ind.Code § 35–42–4–9(b)(1).

2. Ind.Code § 35–42–4–9(a)(1).

## Discussion and Decision

First, Stout argues that the trial court failed to properly find and balance mitigating and aggravating factors. Second, Stout contends that his sentence is inappropriate in light of the nature of his offenses and his character.

### I. Aggravators and Mitigators

Stout asserts that the trial court's finding and balancing of aggravators and mitigators was erroneous for three reasons: (1) Stout's violation of his position of trust with K.H. and the repetitive nature of his conduct should not be aggravators in this case; (2) the trial court failed to include his work history and his remorse as mitigating factors; and (3) the mitigators that the court did find were not given sufficient weight.

Sentencing lies within the discretion of the trial court. *Haddock v. State,* 800 N.E.2d 242, 245 (Ind.Ct.App.2003). The trial court is not required to find the presence of mitigating circumstances. *Id.* When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and the trial court is not required to explain why it does not find the proffered factors to be mitigating. *Id.* Furthermore, the trial court's assessment of the proper weight of mitigating and aggravating circumstances and the appropriateness of the sentence as a whole is entitled to great deference on appeal and will be set aside only upon a showing of a manifest abuse of discretion. *Id.*

First, Stout contends that the trial court improperly found his violation of a position of trust with K.H. and the repetitive nature of the misconduct as aggravators.

3. In the plea agreement, Stout specifically waived his rights under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Specifically, Stout says that these two aggravators "could be applied to any case of more than one act of molesting by a man who has a relationship with the child's mother. Unfortunately such behavior is far from uncommon." Appellant's Br. p. 5. Stout then cites studies that show that "stepfathers and unmarried lovers of the mothers of children are responsible for over 40% of the acts of sexual abuse of such children." *Id.*

■ In essence, Stout argues that the violation of a position of trust with one's victim should not be an aggravator in cases like his because acts of molestation are commonly committed by stepfathers. We strongly disagree. Indiana courts have long held that the violation of a position of trust is a valid aggravating factor. *Davies v. State,* 730 N.E.2d 726, 742 (Ind. Ct.App.2000), *reh'g denied, trans. denied; Ridenour v. State,* 639 N.E.2d 288, 298 (Ind.Ct.App.1994). The sad fact that adults in positions of trust are often the perpetrators of these crimes does not change this result. Therefore, the trial court properly relied on Stout's violation of a position of trust as an aggravating factor.

Likewise, Stout proposes that the repetitive nature of his misconduct not be considered an aggravating factor because it is common for stepfathers and live-in boyfriends to commit repeated molestations, given their ongoing opportunities to do so. We must reject Stout's proposal. This Court has held that the serial nature of the offenses committed against a victim is a valid aggravating circumstance. *Brown v. State,* 760 N.E.2d 243, 246 (Ind.Ct.App. 2002), *trans. denied; Singer v. State,* 674 N.E.2d 11, 14 (Ind.Ct.App.1996). Again, we do not see how the fact that Stout repeated these acts diminishes the seriousness of his conduct. Thus, the trial court acted within its discretion in considering Stout's repeated misconduct as an aggravating factor.

■ Next, Stout contends that the trial court erred by not finding his history as a working, productive member of society to be a mitigating factor. However, Stout did not argue during the sentencing hearing that his work history should be a significant mitigating factor, and he failed to present any evidence of such a history, such as a specific work history, performance reviews, or attendance records. Rather, as the State points out, the only reference Stout made to his employment was that he was involved in a Work Release program at the time of the sentencing hearing. Because Stout failed to present evidence of a consistent work history, the trial court was not required to make a finding of mitigation. *See Bennett v. State,* 787 N.E.2d 938, 948 (Ind.Ct.App. 2003), *trans. denied.*

■ Stout also claims that the trial court overlooked his remorse as a mitigating factor. However, the Indiana Supreme Court has held that a trial court's determination of a defendant's remorse is similar to a determination of credibility. *Pickens v. State,* 767 N.E.2d 530, 535 (Ind. 2002). As such, without evidence of some impermissible consideration by the trial court, a reviewing court will accept its determination as to remorse. *See id.* While Stout did say "I'm very ... so sorry for what I did," the trial court is in the best position to judge the sincerity of a defendant's remorseful statements. In addition, the trial court felt that Stout was blaming his conduct in part on a prescription drug problem. The court did not err in refusing to find Stout's alleged remorse to be a mitigating factor.

■ Last, Stout argues that the trial court failed to give adequate weight to the mitigating factors that it did find when it

was balancing them against the aggravating factors. A sentencing court need not agree with the defendant as to the weight or value to be given to mitigating factors. *Sipple v. State*, 788 N.E.2d 473, 480 (Ind. Ct.App.2003), *trans. denied*. In this case, the court found three mitigating factors: Stout's lack of significant criminal history, his honorable military service, and the fact that he pled guilty.

 Trial courts are not required to give significant weight to a defendant's lack of criminal history. *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998), *reh'g denied*. This is especially so when a defendant's record, while felony-free, is blemished. *See Bostick v. State*, 804 N.E.2d 218, 225 (Ind.Ct.App.2004). In this case, the record reveals that Stout had previously been convicted in Arkansas of driving under the influence, domestic battery, and negligent homicide. While all of those crimes are misdemeanors in Arkansas, the trial court was justified in assigning Stout's lack of significant criminal history minimal mitigating weight.

 As to Stout's military service, the trial court considered it one of the "significant mitigating circumstances" in the case. Tr. p. 43. Stout contends, however, that the court should have given his six years of military service even greater weight. We reiterate that a sentencing court need not agree with the defendant as to the weight to be given to mitigating factors. *Sipple*, 788 N.E.2d at 480. In this case, the trial court found "beyond any doubt that the aggravating circumstances outweigh the mitigators." Tr. p. 43.

 Stout also argues that the trial court gave insufficient weight to the fact that he pled guilty. A guilty plea saves court time and alleviates the need for the victim to appear and testify. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). Where the State reaps such substantial benefits from the defendant's act of pleading guilty, "the defendant deserves to have a substantial benefit returned." *Id.* Here, Stout did receive a substantial benefit in return for pleading guilty, namely, a promise that all of his sentences would run concurrently. As a result of this promise, Stout's possible prison time was limited to twenty years instead of the maximum of forty-eight years.[4] In this instance, the trial court was not required to further reward Stout by giving great weight to his guilty pleas as a mitigating factor.

In sum, the trial court found two aggravating factors and three mitigating factors and concluded "beyond any doubt that the aggravating circumstances outweigh the mitigators." Tr. p. 43. We find nothing in the record that leads us to conclude that the court abused its discretion in imposing the maximum term of twenty years for each of Stout's two Class B felony convictions.

## II. Appropriateness of Sentence

 Stout next contends that his sentence is inappropriate in light of the nature of his offenses and his character. Indiana Rule of Appellate Procedure 7(B) states: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial

---

4. The maximum sentence for a Class B felony is twenty years. Ind.Code § 35–50–2–5. The maximum sentence for a Class C felony is eight years. Ind.Code § 35–50–2–6. Stout was convicted of two Class B felonies and one Class C felony, exposing him to a potential sentence of forty-eight years in prison.

bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind.Ct.App.2005) (internal citations omitted), *trans. denied.*

■ Stout argues that his sentence is not justified by the nature of his offenses because "[t]here was nothing more egregious about the molesting offenses of [Stout] than other such offenses committed by a family member of the child." Appellant's Br. p. 11. Specifically, Stout points out that he did not brutalize K.H. during the molesting and that he made no threats to keep K.H. quiet. However, Stout was a father figure to K.H., and he *repeatedly* abused this position of trust for years, starting before K.H. turned fourteen. According to the police report included in the pre-sentence investigation report, Stout continued his sexual misconduct with K.H. even after his wife, K.H.'s mother, became aware of these activities. Furthermore, the incidents occurred in the family home, a place in which K.H. should have been able to feel safe.

Stout makes no specific argument regarding his character, but we know that he served in the military and had no felony convictions before this case. On the other hand, Stout's pre-sentence investigation report reveals that he has been convicted of driving under the influence, domestic battery, and negligent homicide, and that he has been arrested twice for check deception.

After due consideration of the trial court's decision, we cannot say that Stout's executed sentence of fifteen years is inap-

propriate in light of the nature of his offenses and his character.[5]

Judgment affirmed.

SULLIVAN, J., and FRIEDLANDER, J., concur.

---

5. The State also contends that Stout waived any objection to the appropriateness of his sentence when he entered a plea agreement that left sentencing to the trial court's discretion. However, because we find that Stout's sentence is not inappropriate, we do not address this argument.