**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK A. THOMA**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY C. PERRY, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1211-CR-456 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1201-FD-111

**June 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Larry Perry appeals his two-year sentence for Class D felony invasion of privacy. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because Perry has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

**Facts and Procedural History**

In June 2011, a trial court issued an ex parte order for protection against Perry on behalf of the mother of his child, Drema Johnson. The protective order provided that Perry was prohibited from "harassing, annoying, telephoning, contacting or directly or indirectly communicating" with Drema. State's Ex. 1. Perry was served with this protective order while he was residing in the Allen County Jail on unrelated charges.

Approximately one month later, Perry sent a two-page letter to Drema asking about his son. Perry also congratulated Drema on the birth of her new baby. When Drema received the letter, she contacted the police because she did not know how Perry found her address or had any knowledge of her personal life.

The State charged Perry with Class A misdemeanor invasion of privacy, which was elevated to a Class D felony based on his prior invasion of privacy conviction. A bench trial was held, and Perry was found guilty.

In sentencing Perry, the trial court identified as aggravators his extensive criminal history and that his prior efforts at rehabilitation had failed. Appellant's App. p. 135. The court found no mitigators. The trial court sentenced Perry to two years in the Department of Correction.

Perry now appeals.

## Discussion and Decision

Perry contends that his two-year sentence is inappropriate in light of the nature of the offense and his character and asks us to revise his sentence "to one (1) year executed." Appellant's Br. p. 16.[1]

The Indiana Constitution authorizes us to conduct sentence revision "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The burden rests with the defendant to persuade us that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7. Here, the trial court sentenced Perry to two years. This sentence is within the statutory range.

As for the nature of the offense, Perry sent a letter that violated a protective order issued to protect a woman whom he had previously choked and threatened to kill. He

---

[1] Perry's sole argument on appeal is that his two-year executed sentence is inappropriate. *See* Appellant's Br. p. 1. However, because Perry references aggravators and mitigators in his argument, the State construes Perry's argument as including the contention that the trial court abused its discretion by failing to consider certain mitigators. Insofar as Perry's argument contains this assertion, we observe that whether a trial court has abused its discretion by improperly recognizing aggravators and mitigators when sentencing a defendant and whether a defendant's sentence is inappropriate under Indiana Appellate Rule 7(B) are two distinct analyses. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Because Perry frames his argument as one made under Indiana Appellate Rule 7(B), we so confine our discussion.

also threatened to kill her son and had been in a fight with her mother, father, and brother. Appellant's App. p. 71-74. Perry sent the letter to the victim only one month after the protective order was issued, and understandably, the victim's first thought was "he found me." *Id.* at 65. The circumstances of the offense are serious notwithstanding his claim that he was trying to amiably resolve their differences for the benefit of their child.

As for Perry's character, it, too, does not warrant a reduced sentence. We note that the twenty-six-year-old Perry has an extensive criminal history, which began in 2000 and includes six felony convictions, eight misdemeanor convictions, and four juvenile adjudications. The convictions include three domestic battery convictions and two invasion of privacy convictions. As the trial court observed, Perry has had "plenty of opportunities at rehabilitation," which he did not take advantage of. *Id.* at 135. Perry's criminal history and failed efforts of rehabilitation in and of itself justifies the enhanced sentence. Perry did express regret by saying, "I just want to apologize to the victim, Drema or whatever. And that's it." *Id.* at 131. However, the trial court determined that he was not remorseful. The trial court is in the best position to judge the sincerity of a defendant's remorseful statements. *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*. We also note that Perry did not take responsibility for his actions and only offered explanations for why he committed the offense. Finally, the fact that Perry waived his right to a jury trial does not reflect his character either positively or negatively.

Given the nature of the offense and his character, Perry has failed to persuade us that his two-year sentence is inappropriate.

Affirmed.

KIRSCH, J., and PYLE, J., concur.