Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 07 2013, 9:17 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Shelby County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CODY MATTHEW FRITZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1212-CR-539 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Norman D. Curry, Senior Judge
Cause No. 73D02-1206-FD-182

**June 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Cody Fritz appeals his three-year sentence for operating a vehicle while intoxicated with a prior conviction as a Class D felony, contending that his sentence is inappropriate in light of the nature of the offense and his character. Finding that his three-year sentence is not inappropriate, we affirm.

**Facts and Procedural History[1]**

In the early morning hours of May 25, 2012, Shelby County Sheriff's Deputy Nicholas Hartman pulled over Fritz for driving left of center on County Road 500 South.[2] Upon observing Fritz's eyes to be "glassy and droopy" and smelling alcohol on his breath, Deputy Hartman administered three field sobriety tests, all of which Fritz failed. Appellant's App. p. 34. Deputy Hartman transported Fritz to the Shelby County Jail and administered a certified breath test, which revealed that Fritz's BAC was 0.12. It was also discovered that Fritz did not have a valid driver's license and had a previous conviction in 2008 for operating while intoxicated.

The State charged Fritz with: Count I, operating a vehicle while intoxicated ("OWI") with a prior conviction as a Class D felony; Count II, operating a vehicle with .08 or more alcohol in a person's body, a Class C misdemeanor; and Count III, dangerous OWI, a Class A misdemeanor. Pursuant to a plea agreement, Fritz pled guilty to Count I

---

[1] Because the parties in this case take the facts from the police report attached to the probable-cause affidavit, so do we.

[2] We acknowledge this Court's holding in *State v. Keck*, 2013 WL 1755482 (Ind. Ct. App. Apr. 24, 2013), in which we held that the police did not have reasonable suspicion to stop the defendant who was driving on the left side of a country road because of poor road conditions. Nevertheless, we note that this is not an issue in this case.

2

and the State dismissed Counts II and III. The parties agreed to leave sentencing to the discretion of the trial court.

At the sentencing hearing, the trial court identified Fritz's significant criminal record as an aggravator and found no mitigators. The trial court sentenced Fritz to three years executed. Fritz now appeals.

**Discussion and Decision**

Fritz contends that his executed sentence of three years is inappropriate in light of the nature of the offense and his character.

Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

Fritz pled guilty to Class D felony OWI with a prior conviction. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and

3

three years, with the advisory sentence being one and one-half years.  Ind. Code § 35-50-2-7.  Here, the trial court sentenced Fritz to three years.  This sentence was within the statutory range.

Regarding the nature of his offense, Fritz had a BAC of 0.12 and was driving in the middle of the road with a passenger in his vehicle.  This is Fritz's second OWI and consequently, he was charged with a Class D felony based on his 2008 conviction.  Although the nature of this offense is not remarkable, Fritz's character does not help his cause.

Fritz has a significant criminal history, which dates back to 1997 when he was nine years old.  The record clearly indicates that despite his numerous contacts with the legal system, Fritz has not modified his criminal behavior.  Instead, twenty-five-year-old Fritz has accumulated one felony conviction, six misdemeanor convictions, and five juvenile adjudications.  The misdemeanor convictions include three alcohol-related offenses: OWI, illegal consumption of alcohol, and public intoxication.  Furthermore, Fritz was placed on probation four different times and each time he had his probation revoked.  Fritz's criminal history and failed efforts of rehabilitation justify the enhanced sentence.  The trial court did not find any mitigators and observed that "nothing seems to get [his] attention." Tr. p. 14.  According to the presentence investigation report, there is a high risk that Fritz will commit another offense.  Fritz's argument that he has parental responsibilities, previously maintained employment, and has a health issue do little to offset Fritz's extensive criminal history as the trial court noted that Fritz's heart problem "hasn't stopped [him] from functioning." *Id.* at 13.  He apologized to the court and to his

4

fiancée, admitting that he had "made a lot of stupid decisions." *Id.* at 8. However, the trial court determined that he was not remorseful, and the trial court is in the best position to judge the sincerity of a defendant's remorseful statements. *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*.

Fritz has failed to persuade us that his sentence of three years is inappropriate. We therefore affirm the trial court.

Affirmed.

KIRSCH, J., and PYLE, J., concur.