**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 31 2013, 5:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDRE C. GREENE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1304-CR-161 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1211-FD-1657

October 31, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case we are called upon to decide whether the appellant-defendant Andre C. Greene was improperly sentenced because the trial court did not identify remorse as a mitigating factor after he pleaded guilty to Domestic Battery,[1] a class D felony. Greene also contends that the three-year sentence was inappropriate in light of the nature of the offense and his character in accordance with Indiana Appellate Rule 7(B). We find that Greene was properly sentenced, particularly in light of his lengthy criminal history. Thus we affirm the trial court's judgment.

FACTS[2]

Greene was involved in a domestic relationship with the female victim whom he beat and severely injured. After the State charged Greene with domestic battery on November 28, 2012, the trial court set the matter for a jury trial. Greene failed to appear, was eventually apprehended, and subsequently pleaded guilty to the charged offense on March 20, 2013.

At the sentencing hearing, Greene expressed some remorse for his actions. It was also established that Greene has an extensive juvenile and adult criminal history. Although Greene has a young child, he is in arrears on his child support payments. Greene has only been sporadically employed and has a history of substance abuse.

The State pointed to Greene's extensive criminal history, several probation violations, the injuries that the victim sustained, and Greene's failure to appear for trial as

---

[1] Ind. Code § 35-42-2-1.3(b)(1).

[2] Because Greene did not request a transcript of his guilty plea hearing, which would have included a factual basis for his guilty plea, the facts regarding the nature of the charged offense are sparse.

aggravating circumstances. The trial court agreed with the State and also found that prior attempts at rehabilitation had failed, and that Greene was at a high risk to reoffend.

After finding that the aggravating circumstances far outweighed the mitigating factors, the trial court sentenced Greene to two-and-one-half years of incarceration and to 182 days of probation. Greene now appeals.

## DISCUSSION AND DECISION

Although Greene contends that he must be resentenced because the trial court erred in not identifying his expression of remorse as a mitigating circumstance, a trial court is not obligated to find that a particular mitigating factor does not exist after counsel has argued it. Anglemyer v. State, 868 N.E.2d 482, 493 (Ind. 2007). Absent evidence that the trial court engaged in some impermissible consideration, we will accept a trial court's determination with regard to remorse. Stout v. State, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005).

While Greene claims that he was remorseful for his actions, Greene never apologized to the victim for what he had done to her. Thus, it is apparent that the trial court did not believe Greene's sincerity about his alleged remorse, and likely concluded that Greene claimed remorse only in the hopes of obtaining a favorable sentence. We decline to conclude that the trial court erred in not identifying Greene's alleged remorse as a mitigating factor.

As for Greene's claim under Appellate Rule 7(B), we give due consideration to the trial court's sentencing decision, and the defendant must persuade us that his sentence is

inappropriate in light of both the nature of the offense and his character. <u>Williams v. State</u>, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

While Greene contends that a three-year sentence is inappropriate for this offense,[3] the evidence regarding the nature of the offense established that Greene severely beat the victim and inflicted serious injuries upon her. State's Ex. 1-16. As for Greene's character, the record demonstrates that he accumulated two burglary adjudications and an adjudication for theft in 1992 when he was a juvenile. Appellant's App. p. 13.

As an adult, Greene has amassed at least seven convictions including possession of a firearm by a serious violent felon. Greene has also violated either probation or parole on five occasions, and he was convicted of committing a prior domestic battery in 2010. <u>Id.</u> at 13-14.

In short, Greene has failed to show that his sentence was inappropriate when considering the nature of the offense and his character. <u>See</u> <u>Bailey v. State</u>, 979 N.E.2d 133, 142 (Ind. 2012) (upholding the sentence when it was established that the defendant was on probation for a similar offense and had a lengthy criminal history that included eleven prior adult convictions).

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

[3] The sentencing range for a class D felony is from one-and-one-half years to three years, with one-and-one-half years being the advisory term. Ind. Code § 35-50-2-7.