**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2014, 6:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Leonard, Hammond, Thomas & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIANNA K. WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1307-CR-343 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1205-FD-605

**January 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Julianna K. Williams appeals the sentence she received following her conviction of possession of a controlled substance, a class D felony, and possession of marijuana, a class A misdemeanor. Those convictions were entered upon her guilty pleas. Williams was sentenced to three years imprisonment for the felony conviction, with one year suspended to probation, to be served concurrently with a one-year sentence, suspended, imposed for her conviction of the misdemeanor offense. Williams presents the following restated issues for review:

1. Did the trial court abuse its discretion in sentencing Williams?

2. Is Williams's sentence inappropriate in light of her character and the nature of the offenses of which she was convicted?

We affirm.

The facts as admitted by Williams are that on April 27, 2012, she was riding in a car driven by her husband when a Fort Wayne police officer executed a traffic stop after observing the car weaving from side to side. The officer ran the vehicle's plates and found they were registered to a different car. The officer ordered Williams out of the car, whereupon he smelled burnt marijuana and observed smoke coming from the car. A female officer was called to the scene. The officer searched Williams and found 8 plastic baggies in Williams's pants, containing 1.9 g of marijuana and 6 pills containing hydrocodone. Williams was placed under arrest and charged with one count of possession of a controlled substance and one count of possession of marijuana. She pleaded guilty to both counts, as set out above.

2

1.

The court found as mitigators that Williams pleaded guilty and took responsibility for her actions. The court found no other mitigators. Williams contends the trial court abused its discretion by overlooking the following purportedly significant mitigating circumstances: 1) Williams has minor, dependent children; 2) Williams is enrolled in college; and 3) Williams has a history of substance abuse.

Sentencing decisions, including the identification of aggravating and mitigating circumstances, rest within the sound discretion of the trial court. *Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh 'g,* 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in a number of ways, including failing to cite mitigating factors. *Anglemyer v. State,* 868 N.E.2d 482. In order to prevail on a claim of error in this regard, a defendant must establish that the mitigating circumstances are both significant and clearly supported by the record. *Id.* A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Healey v. State,* 969 N.E.2d 607 (Ind. Ct. App. 2007), *trans. denied.* Moreover, a trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight,

or significance. *Id.*

Williams contends the trial court abused its discretion in failing to find her drug abuse as a mitigating circumstance. Our review of the record reveals that she did not proffer this purported mitigator at sentencing. A defendant who fails to proffer proposed mitigators at sentencing is precluded from advancing them for the first time on appeal. *Id.* Therefore, she is precluded from doing so here.

Williams also contends the trial court abused its discretion in failing to find as a mitigator the fact that she is pursuing a college degree. Although it is commendable that Williams is enrolled in college, she did not provide many details on this subject. She informed the sentencing court that she is currently a student at Indiana Tech and working toward a health-care administration degree. At the time of the sentencing hearing, she had been at Indiana Tech for approximately 6 months. She provided no other information concerning her performance or progress there. As indicated previously, the trial court is not required to explain why it fails to find a mitigating circumstance proffered by the defendant. *Stout v. State*, 834 N.E.2d 707 (Ind. Ct. App. 2005), *trans. denied.* Williams does not explain on appeal why this educational endeavor should be considered a significant mitigating circumstance in her particular case, nor can we discern a reason that it should be. The trial court did not abuse its discretion in failing to find this mitigating circumstance.

Lastly, Williams contends the trial court abused its discretion in failing to find as a mitigator that she has minor dependent children. At the time of the hearing, Williams had three children at home, ages twelve, eight, and seven. A fourth child, whose age is not

provided in the record but who must have been very young at the time, died in 2008. Williams was convicted of neglect of a dependent because the child's death was caused by the ingestion of prescription drugs that were left unattended in the child's presence. Specifically, the record indicates the child died of a morphine overdose. Williams was sentenced to two years in the Indiana Department of Correction for that conviction. In 2008 and 2009, Williams completed a substance-abuse treatment program. Yet, notwithstanding that she had completed a substance-abuse treatment program, and that one of her children died by accidentally ingesting a controlled substance, Williams was once again found in possession of a controlled substance. We think there is some justification in the trial court's observation when pronouncing sentence "that these children are the most safe when they're away from [Williams]." *Transcript* at 33-34. The trial court did not abuse its discretion in failing to find as a mitigating circumstance that Williams has minor, dependent children.

2.

Williams contends her sentence is inappropriate in light of her character and the nature of her offenses. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally

5

a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Williams bears the burden on appeal of persuading us that her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

The determination of whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Moreover, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

In order to assess the appropriateness of a sentence, we first look to the statutory ranges established for the classification of the relevant offenses. Williams was convicted of a class D felony and a class A misdemeanor. The advisory sentence for a class D felony is one and one-half years;[1] the maximum sentence is three years. The sentence for a class A misdemeanor may not be more than one year.[2] Williams was sentenced on Count I to three

---

[1] *See* Ind. Code Ann. § 35-50-2-7(West, Westlaw current through 2013 First Regular Session and First Regular Technical Session).

[2] *See* I.C. § 35-50-3-2(West, Westlaw current through 2013 First Regular Session and First Regular Technical Session).

years imprisonment, with one year suspended to probation, to be served concurrently with the one-year sentence, suspended, imposed for her conviction of possession of marijuana. Therefore, Williams received an executed sentence of two years.

We first consider the nature of the offenses. Williams was found in possession of hydrocodone pills and a quantity of marijuana. During the traffic stop that culminated in the discovery of this contraband, as the police officer was walking up to the car, Williams attempted to switch seats with her husband so that she was in the driver's seat. Although the purpose of Williams's attempted deception is not clear to us, the fact remains that in addition to the possession of illegal drugs for which she was convicted, Williams sought to deceive police officers at the scene of the stop. Considered in isolation, these offenses are not abnormally severe. They become decidedly more so, however, in light of previous occurrences in Williams's life, as we will discuss below.

Turning now to Williams's character, we note that her criminal history includes three true findings of juvenile delinquency and two previous convictions of neglect of a dependent as a class D felony. As indicated above, the neglect convictions stem from the death of her young child, who ingested a controlled substance, i.e., morphine. Barely three years after that conviction and less than two years after undergoing drug rehabilitation treatment and being released from prison, Williams was once again found in possession of a controlled substance. In light of the fact that one of her children died of a drug overdose while in her care, and the fact that Williams still has three minor children at home, two of whom were under the age of ten at the time, this offense becomes considerably more serious. Therefore,

7

we cannot say that the sentence imposed by the trial court is inappropriate in light of Williams's character and the nature of her offenses.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.