## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kerry D. Ketchem

*Appellant-Defendant,*

v.

State of Indiana

*Appellee-Plaintiff.*

July 20, 2015

Court of Appeals Case No.
03A01-1412-CR-519

Appeal from the Bartholomew
Circuit Court

The Honorable Stephen R.
Heimann, Judge

Trial Court Case No.
03C01-1206-FD-3075

**Mathias, Judge.**

[1]   Kerry Ketchem ("Ketchem") pleaded guilty to three counts of Class D felony theft and was ordered to serve an aggregate sentence of eight years. Ketchem appeals and argues that the trial court abused its sentencing discretion by failing to consider certain factors as mitigating.

[2] We affirm.

## Facts and Procedural History

[3] Ketchem was employed by Faurecia, an automobile parts manufacturing company located in Columbus, Indiana. Between February 2011 and February 2012, on at least seven occasions, Ketchem participated in the theft of auto parts manufactured by Faurecia. He did so by persuading his unsuspecting co-workers to help him load the parts onto unauthorized trucks to be taken, without payment, to a recycling facility operated by an associate. After the thefts were discovered and attributed to Ketchem, Ketchem admitted to a private investigator hired by Faurecia and to the police that he had committed the thefts. He claimed that he was coerced into participating in the thefts when two other parties threatened the life of his step-granddaughter. Ketchem profited personally from the thefts, receiving around $10,000 for one of the shipments alone.

[4] On June 18, 2012, the State charged Ketchem with seven counts of Class D felony theft. Ketchem pleaded guilty to Counts 1, 4, and 7, and the State agreed to dismiss the remaining charges. The plea agreement provided that Ketchem's sentence would be left to the trial court's discretion but would be capped at an aggregate term of eight years.

[5] At Ketchem's sentencing hearing, Ketchem's counsel argued that the trial court should find as mitigating that Ketchem was coerced into committing the thefts, that Ketchem admitted to the crimes and cooperated with police in their

investigation, that he is the sole financial provider for his wife and step-granddaughter, and that he would likely suffer from health problems if he were incarcerated. The trial court, however, declared that Ketchem had "zero" credibility and noted that he admitted to his crimes only after being caught with his "hand . . . in the cookie jar." Tr. p. 49. The trial court rejected all of Ketchem's proffered mitigating factors and found the following aggravating factors: (1) Ketchem's age and education level;[1] (2) his prior seven convictions, five of which are felonies and include theft of government property and breaking and entering into FBI headquarters, fraud, mail fraud, bank fraud and embezzlement, possession of a forged instrument, forgery, and conversion; and (3) his previous parole violation. The trial court sentenced Ketchem to three years executed on Count 1, two and one-half years executed on Count 4, and two and one-half years executed on Count 7, all to run consecutively, for an aggregate sentence of eight years. The trial court also ordered Ketchem to pay restitution to Faurecia in the amount of $75,000.00 and to Chubb and Son, Faurecia's insurance provider, in the amount of $910,012.00.

[6] Ketchem now appeals.

## Discussion and Decision

[7] Ketchem argues that the trial court abused its discretion by failing to consider as mitigating that he "took responsibility for his actions from the time the investigation began[,] admitted his guilt to a private investigator and the State

---

[1] At the time of the crimes, Ketchem was in his sixties. He has a degree from the University of Maryland.

Police before the charges were filed[, and] admitted again in court by entering a guilty plea." Appellant's Br. at 4.

[8] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007) ("*Anglemyer I*"). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[9] In its opinion on rehearing in *Anglemyer I,* our supreme court noted that:

> a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

*Anglemyer v. State,* 875 N.E.2d 218, 221 (Ind. 2007) ("*Anglemyer II*") (citations omitted).

[10] In this case, the evidence against Ketchem was overwhelming, and he faced a maximum sentence of twenty-one years, so the trial court's conclusion that his decision to plead guilty was more likely the result of pragmatism than acceptance of responsibility was not an abuse of discretion. Furthermore, despite his guilty plea, Ketchem continued to minimize his responsibility for the crime at his sentencing hearing, maintaining that he was coerced into committing the thefts and pointing blame at his associates. Under these facts and circumstances, we conclude the trial court did not abuse its discretion by omitting reference to his guilty plea when imposing his sentence.

[11] As for Ketchem's expression of remorse, we note that, while an expression of remorse may be considered as a mitigating circumstance, the trial court is under no obligation to accept a defendant's alleged remorse as a mitigator. *Phelps v. State,* 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), *trans. denied.* The trial court possesses the ability to directly observe a defendant and can best determine whether a defendant's remorse is genuine. *Id.* Therefore, substantial deference must be given to the trial court's evaluation of a defendant's remorse. *Id.* Absent evidence of some impermissible consideration by the trial court, we will accept its determination as to remorse. *Stout v. State,* 834 N.E.2d 707, 711 (Ind. Ct. App. 2005).

[12] Here, Ketchem asks that we accept his declaration of remorse, which was clearly rejected by the trial court. In fact, the trial court observed at the sentencing hearing that Ketchem had "zero" credibility. Tr. p. 48. Also, as we noted earlier, at the sentencing hearing, Ketchem continued to minimize his blame for the crime. Ketchem presents no evidence of any impermissible aggravator considered by the trial court. Therefore, the trial court was well within its discretion to discredit Ketchem's self-serving claim of remorse.

[13] For all of these reasons, we conclude that the trial court did not abuse its sentencing discretion in failing to consider Ketchem's guilty plea and claim of remorse as mitigating factors.

[14] Affirmed.

May, J., and Robb, J., concur.