## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2016, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Richards,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 17, 2016<br><br>Court of Appeals Case No.<br>03A05-1507-CR-948<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause No.<br>03C01-1501-F6-126 |

**Vaidik, Chief Judge.**

# Case Summary

Steven Richards pled guilty to battering his girlfriend, and the trial court sentenced him to two and a half years in the county jail with six months suspended to probation. He contends that the trial court abused its discretion in not recognizing his guilty plea and remorse as mitigators. Because Richards has failed to prove that his guilty plea and remorse were significant mitigators, we affirm his sentence.

# Facts and Procedural History

[1] Nine days after being released from work release for a receiving-stolen-property conviction, Richards—who was thirty-two years old and had at least twelve criminal convictions—head-butted his live-in girlfriend, resulting in a knot to her forehead. Later that same day, Richards choked his girlfriend, causing her to briefly lose consciousness. The girlfriend's eight-year-old daughter witnessed Richards choking her mother.

[2] The State charged Richards with Count 1: Level 6 felony strangulation and Count 2: Level 6 felony domestic battery. Richards and the State entered into a plea agreement in which Richards agreed to plead guilty to Amended Count 1: Level 6 felony battery with moderate bodily injury. In exchange, the State agreed to dismiss Count 2. The trial court accepted the plea agreement.

[3] Richards testified at the sentencing hearing. He opened by saying he "wanted to apologize to both our families for all the trouble I've put us all through." Tr.

p. 8. Richards explained that the incident occurred because he was using alcohol and methamphetamine, was stressed, and was "hanging out with the wrong people." *Id.* at 25.

[4] The trial court found five aggravators, including Richards' numerous convictions (which included convictions for both battery and domestic battery), the numerous chances he had been given to turn his life around, as well as the fact that he committed this offense in the presence of the victim's eight-year-old daughter. Appellant's Br. p. 6 (Sentencing Order). The court found no mitigators. *Id.* Although the court was "encouraged" that Richards had taken AA, Celebrate Recovery, and GED classes in jail, the court said that "in [its] mind [that did] not mitigate anything in this offense." Tr. p. 55. In addition, the court acknowledged that Richards pled guilty; however, it found that Richards' guilty plea did not amount to a mitigator because he "received a deal from the plea bargain." *Id.* The court sentenced Richards to two and a half years in the Bartholomew County Jail with six months suspended to probation.

[5] Richards now appeals his sentence.

# Discussion and Decision

[6] Richards contends that the trial court erred by not recognizing two mitigators: his guilty plea and remorse. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*,

875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 490-91.

[7] One way that a trial court may abuse its discretion is by not recognizing mitigators that are clearly supported by the record and advanced for consideration. *Id.*; *see also McElfresh v. State*, No. 32S01-1511-CR-667 (Ind. March 3, 2016), slip op. at 12. The defendant bears the burden of demonstrating that the trial court failed to find or identify a mitigating factor by establishing that the mitigating evidence is both significant and clearly supported by the record. *McElfresh*, slip op. at 12.

[8] Richards first argues that the trial court abused its discretion by not recognizing his guilty plea as a mitigator. A defendant who pleads guilty deserves to have "some" mitigating weight given to his plea in return. *Anglemyer*, 875 N.E.2d at 220. A guilty plea's significance, however, varies from case to case. *Id.* at 221. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility or when the defendant receives a substantial benefit in return for the plea. *Id.* A guilty plea also may not be significantly mitigating when the plea was more likely the result of pragmatism than acceptance of responsibility and remorse. *Id.*

[9] Here, the record shows that Richards' decision to plead guilty was fueled by pragmatism. The State had three witnesses to Richards' crime: Richards'

girlfriend, the girlfriend's daughter, and a neighbor. Richards also received a substantial benefit: the State dismissed a Level 6 felony domestic-battery charge, which carried a domestic-violence determination. *See* Ind. Code § 35-38-1-7.7. Richards has therefore failed to prove that his guilty plea was a significant mitigator.

[10] Richards next argues that the trial court abused its discretion by not recognizing his remorse as a mitigator. He claims that his in-court apology and the fact that he took classes in jail show that he "has genuine remorse" and "has learned his lesson." Appellant's Br. p. 4.

[11] A trial court's determination of a defendant's remorse is similar to a determination of credibility. *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*. Although Richards testified at the sentencing hearing that he "wanted to apologize to both our families for all the trouble I've put us all through," Tr. p. 8, he did not apologize for his actions. In addition, Richards attempted to minimize his conduct by claiming that the battery was caused by drugs and alcohol, stress, and his association with others. The trial court was in the best position to gauge the sincerity of Richards' remorse and did not find it mitigating. Accordingly, Richards has failed to prove that his remorse was a significant mitigator.

[12] Although Richards does not directly argue that the trial court should have considered the classes he took in jail as a mitigator, he testified about the classes at his sentencing hearing, and the trial court found that the classes were not

entitled to any mitigating weight. The Indiana Supreme Court recently held that a trial court abused its discretion by not affording any mitigating weight to the programs the defendant was enrolled in while in jail because the programs did not make the defendant eligible for reduced time. *McElfresh*, slip op. at 13. Nevertheless, our Supreme Court found that the error was harmless given the defendant's criminal history. *Id.* Likewise here, even assuming that the trial court should have afforded some mitigating weight to the classes that Richards took in jail, we find that any error was harmless given Richards' significant criminal history, which included other battery convictions. We therefore affirm Richards' sentence.

Affirmed.

Bailey, J., and Crone, J., concur.