## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Emily D. Kopp
Certified Legal Intern

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shelby N. Gray,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 3, 2019

Court of Appeals Case No.
19A-CR-374

Appeal from the
Madison Circuit Court

The Honorable
Angela Warner Sims, Judge

Trial Court Cause No.
48C01-1806-F5-1479

**Vaidik, Chief Judge.**

# Case Summary

[1] Shelby Nicole Gray pled guilty to two counts of Level 5 felony assisting a criminal for actions she took after her boyfriend committed murder, and the trial court sentenced her to six years, with four years executed and two years suspended to probation. Shelby now appeals her sentence on several grounds. We affirm.

# Facts and Procedural History

[2] In September 2016, Shelby and Nicholas Gray were dating (they later got married). On September 8, Nicholas shot and killed Jeremy Silvey during a drug deal in Anderson. *See State v. Nicholas Gray*, 48C01-1609-MR-1939. Five days later, on September 13, Shelby and Nicholas drove in Shelby's car to Gary, Indiana, where Nicholas exchanged the murder weapon for a different weapon. On September 15, officers from the Anderson Police Department and the ATF went to Nicholas and Shelby's home to execute a warrant. Shelby was home, and Nicholas was found hiding in the attic (along with the newly exchanged gun). The State charged Nicholas with murder, among other things.

[3] In June 2018—nearly two years after Silvey's murder and while Nicholas was awaiting trial—a warrant was issued for Shelby's arrest based on her traveling with Nicholas to get rid of the murder weapon and concealing his location. Although Shelby had initially cooperated with police, by 2018 she was no longer cooperating and had taken numerous efforts to evade police, including

moving in with an acquaintance, changing her phone number, and withdrawing from social media. Police, however, were able to locate Shelby and arrested her on June 5. While being arrested, Shelby was "[v]ery hostile" to police and "yell[ed] obscenities" at them. Tr. p. 13. The State charged Shelby with Count I: Level 5 felony assisting a criminal (September 13), Count II: Level 5 felony assisting a criminal (September 15), and Count III: Level 6 felony obstruction of justice (September 13).[1] Nicholas was convicted of murder (and other offenses) on October 31 and later sentenced to 98 years.[2]

[4] Shelby's trial was scheduled for November 14. The day before trial, Shelby pled guilty to all three charges without the benefit of a plea agreement. At the sentencing hearing, the trial court vacated the conviction on Count III due to double-jeopardy concerns. *See id.* at 77. Shelby, who was still married to Nicholas, testified that she had made "mistakes" but that "everyone makes mistakes—nobody's perfect" and that she "didn't want that big of a mistake put on [her]." *Id.* at 67, 69. Shelby said she was "remorseful" but then explained that she "never expected that to happen—[she] never even wanted [to] be in jail" and that she "got put in a place [she] didn't want to be." *Id.* at 66. When asked what place that was, Shelby responded, "[being a] felon." *Id.* at 67. In addition, Shelby admitted that she did not cooperate with police. Finally,

---

[1] Counts I and II were elevated from Level 6 felonies to Level 5 felonies because Nicholas committed murder. *See* Ind. Code § 35-44.1-2-5(a)(2); Appellant's App. Vol. II p. 13.

[2] Nicholas's appeal is currently pending before this Court. *See* 19A-CR-33.

Shelby said that while in jail awaiting trial, she enrolled in several programs, including Narcotics Anonymous, No More Excuses, and Celebrate Recovery.

[5] In pronouncing sentence, the court found that Shelby's guilty plea was a mitigator but that it was not entitled to much weight:

> [Shelby] did plead guilty without the benefit of a plea agreement which the Court does note as mitigation, although based on other comments the Court intends to make yet as a part of the sentencing the Court does not give that a lot of weight given that the Court does not find that [she] accepts full responsibility for her actions that le[]d to these charges.

*Id.* at 77-78. The trial court declined to find Shelby's participation in the jail programs as a mitigator, explaining:

> You can tell m[e] you've been [in] No More Excuses, you can tell m[e] you've been in Celebrate Recovery, and doing all these positive things but until you get a handle on what got you there, that stuff[']s not going to carry you forward much further. What I mean by that is, again, there might be reasons, the drugs, the relationship, everything that you were involved in probably spinning out of control, I understand that and I can see that happening, that got you to the point that le[]d to these charges. But at some point are you going to use that as an excuse or at some point are you going to learn from that and do something about it. And unfortunately your conduct speaks louder than any words that you explain to this Court today and you being able to come to terms with that. Meaning that after — [Nicholas] was charged and jailed you've done very little to make [the] situation better and/or right. As the State pointed out you continued to avoid process, you didn't want to be involved, you didn't want to come forward and tell what you knew. . . .

* * * * *

But . . . don't stand before this Court and tell me that you are on a path of rehabilitation to do the next right thing when you've yet to show this Court that you are willing to take that step and do the next right thing. Because you're still married to Nicholas Gray, you were not cooperative throughout the case[, and] you've continued to show extreme dis[d]ain and obstinance for the Court every time you're before the Court. And quite frankly, from the Court[']s view of you in this case and the process, [you] just continue to play games. And so until you really understand that and [are] willing to accept your level of responsibility, your case continues to be really sad.

*Id.* at 79-80.

[6] For each count, the court sentenced Shelby to the advisory term of three years, with two years executed and one year suspended to probation. The court ordered the sentences to be served consecutively given that the events supporting Counts I and II "occur[ed] on two (2) separate occasions." *Id.* at 78. Thus, Shelby's total sentence is four years in prison followed by two years of probation.

[7] Shelby now appeals her sentence.

# Discussion and Decision

[8] Shelby contends that the trial court abused its discretion in failing to recognize several mitigators and in ordering her sentences to be served consecutively. She also contends that her sentence is inappropriate.

# I. Abuse of Discretion

## A. Mitigators

[9]  Shelby argues that the trial court failed to recognize the following mitigators: (1) she pled guilty; (2) she expressed remorse; and (3) she participated in "many" programs while in jail awaiting trial.  Appellant's Br. p. 9.  Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  One way that a trial court may abuse its discretion is by not recognizing mitigators that are clearly supported by the record and advanced for consideration.  *Id.* at 491.  The defendant bears the burden of demonstrating that "the trial court failed to find or identify a mitigating factor by establishing that the mitigating evidence is both significant and clearly supported by the record."  *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quotation omitted).

[10]  As for Shelby's claim that the trial court failed to consider that she "ple[]d guilty without the benefit of an agreement with the State," Appellant's Br. p. 10, the trial court **did** identify this as a mitigator but found that it was not entitled to much weight.  To the extent Shelby claims that the trial court abused its discretion by failing to accord more weight to this mitigator, her claim is not available for appellate review.  *See Anglemyer*, 868 N.E.2d at 491 (holding that relative weight or value assignable to mitigating circumstances found by trial court is not subject to review).

[11] Shelby next argues that the trial court failed to consider her expression of remorse. A trial court's determination of a defendant's remorse is similar to a determination of credibility. *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*. As such, without evidence of some impermissible consideration by the trial court, we accept its determination as to remorse. *Id.* Here, although Shelby claimed to be "remorseful" for what happened, her testimony did not support this claim. Rather, Shelby appeared to be sorry for herself and the position that she was put in. Her concern about Silvey and his family were secondary, at best. *See* Tr. p. 67 (defense counsel prompting Shelby that someone had died). As the trial court reminded Shelby, "it's not about just you—your actions affect other people, and other lives." *Id.* at 81. The trial court did not abuse its discretion in not recognizing Shelby's remorse as a mitigator.

[12] Finally, Shelby argues that the trial court failed to consider that "she participated in a number of programs" while in jail awaiting trial. Appellant's Br. p. 8. While Shelby testified at sentencing that she was participating in Narcotics Anonymous, No More Excuses, and Celebrate Recovery, her PSI indicates that she was participating in only one program, Celebrate Recovery. *See* Appellant's App. Vol. II p. 41. In any event, the trial court rejected Shelby's participation in these programs as a mitigator:

> You can tell m[e] you've been [in] No More Excuses, you can tell m[e] you've been in Celebrate Recovery, and doing all these positive things . . . . [U]nfortunately your conduct speaks louder than any words that you explain to this Court today and you

being able to come to terms with that. Meaning that after —
[Nicholas] was charged and jailed you've done very little to make
[the] situation better and/or right. As the State pointed out you
continued to avoid process, you didn't want to be involved, you
didn't want to come forward and tell what you knew. . . .

Tr. pp. 79-80. Given the totality of her actions, Shelby has failed to prove that her participation in these programs is a significant mitigator. There is no abuse of discretion.

## B. Consecutive Sentences

[13]     Shelby next argues that the trial court erred in ordering her sentences for Counts I and II to be served consecutively. It is within the trial court's discretion to impose consecutive sentences, but the trial court must find at least one aggravating factor before imposing consecutive sentences. *Owens v. State,* 916 N.E.2d 913, 917 (Ind. Ct. App. 2009). Here, the trial court ordered the sentences to be served consecutively because the events supporting Counts I and II "occur[ed] on two (2) separate occasions." In other words, Shelby—with intent to hinder the apprehension or punishment of Nicholas for the crime of murder—engaged in two different actions on two different days to harbor, conceal, or otherwise assist him. Shelby argues—without citation to authority—that the "fact that the conduct occurred on two separate occasions is not an appropriate aggravating factor." Appellant's Br. p. 10. However, this Court has held that the serial nature of the offenses committed against a victim is a valid aggravating circumstance. *See Stout*, 834 N.E.2d at 711. Accordingly,

the trial court did not abuse its discretion in ordering the sentences to be served consecutively.[3]

## II. Inappropriate Sentence

[14] Finally, Shelby contends that her sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[15] The sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. Here, for each count, the trial

---

[3] Citing Indiana Code section 35-50-1-2(d)(1), Shelby argues that her felony convictions arose out of an episode of criminal conduct and that therefore her six-year consecutive sentence improperly exceeds four years. Even assuming that Shelby's conduct constituted an episode of criminal conduct, subsection (d)(1) applies when "the most serious crime for which the defendant is sentenced is a Level 6 felony." Shelby, however, was convicted of two Level 5 felonies. The subsection that applies to Shelby, (d)(2), provides that "[i]f the most serious crime for which the defendant is sentenced is a Level 5 felony, the total of the consecutive terms of imprisonment may not exceed seven (7) years."

court sentenced Shelby to the advisory term of three years, with two years executed and one year suspended to probation. The court ordered the sentences to be served consecutively, for a total sentence of four years in prison followed by two years of probation.

[16] Although there is nothing particularly egregious about the nature of the offenses, Shelby's character more than justifies her sentence. As the trial court explained, Shelby did "very little to make [the] situation better and/or right." Among other things, Shelby avoided process by moving, changing her phone number, and withdrawing from social media; was not "cooperative" and did not accept "responsibility"; stayed married to Nicholas; and "show[ed] extreme dis[d]ain and obstinance for the Court every time" she was before it. As the prosecutor aptly noted at sentencing, "[Shelby has] had an attitude almost every time we've had Court on her cases except for today." Tr. p. 73. Given the "games" played by Shelby, she has failed to persuade us that her sentence of four years in prison followed by two years of probation is inappropriate.

[17] Affirmed.

Riley, J., and Bradford, J., concur.