Marshall **HADDOCK**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–0305–CR–414.

Court of Appeals of Indiana.

Dec. 18, 2003.

---

Michael R. Fisher, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Marshall Haddock was found guilty after a jury trial of twenty-three counts of child molesting as Class A felonies,[1] four counts of child molesting as Class C felonies,[2] three counts of confinement as Class C felonies,[3] and five counts of vicarious sexual gratification as Class B felonies.[4] He appeals his 326–year sentence, asserting the trial court improperly weighed aggravating and mitigating circumstances and his sentence was inappropriate in light of his character and the nature of the offenses.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1990, Haddock moved in with A.H. and her two children, B.H., born February 9, 1990, and D.H., born December 15, 1986. He lived with them, along with a third boy born to Haddock and A.H. in 1993, until May of 2000. From 1996 until he moved out of the house, Haddock molested B.H. and D.H.

Haddock forced the boys to perform oral sex on him and on each other. He often digitally penetrated the boys' anuses. Haddock raped B.H. on numerous occasions and attempted to anally penetrate D.H., causing bleeding. Haddock sometimes molested the boys in the middle of the night while they were lying in their beds. He sometimes tied them up with belts, chains and duct tape before sexually assaulting them. On other occasions, Haddock threatened the boys with a handgun and forced them to perform sex acts. He told the boys he would kill them and their mother if they reported his actions. Haddock forced the boys to perform sexual acts daily or weekly.

On one occasion, Haddock brought a friend over to the house and forced D.H. to perform oral sex on his friend. On another occasion, Haddock's then four-year-old child saw D.H. and B.H. naked from the waist down and tied up, and his naked father sexually assaulting them. Another time, Haddock took D.H. to a wooded area and told him "[y]ou know, right now I could f* * * you in your ass and there's nothing you could do about it." (Tr. at 135.) When D.H. refused to perform oral sex on Haddock, Haddock put a loaded handgun to D.H.'s head and said "[y]ou know, I could shoot you right now and say you ran away." (Id. at 136.) D.H. then performed oral sex on Haddock.

On Christmas Eve 1999, Haddock made D.H. swallow Haddock's semen after he had masturbated and made B.H. suck D.H.'s penis. On another occasion, Haddock forced B.H. to perform oral sex on D.H. while he watched and masturbated.

---

1.  Ind.Code § 35–42–4–3.

2.  Ind.Code § 35–42–4–3.

3.  Ind.Code § 35–42–3–3.

4.  Ind.Code § 35–42–4–5.

Haddock then made B.H. swallow D.H.'s urine and had B.H. suck D.H.'s penis while D.H. was sucking Haddock's penis.

Haddock denied most of the allegations, but admitted he was present four or five times when the boys manually stimulated each other and performed oral sex on each other. Haddock admitted that D.H. had his hand or mouth on Haddock's penis once or twice. Haddock claimed the boys initiated the sexual contact.

A jury found Haddock guilty of thirty-five counts and he was sentenced to an aggregate sentence of 326 years. Haddock received consecutive fifty-year sentences on five counts of Class A felony child molesting. The trial court also sentenced Haddock to twenty years for confinement as a Class B felony, to be served consecutively to the sentences for child molesting, and to consecutive twenty-year terms for two counts of vicarious sexual gratification as Class B felonies. On two counts of confinement as Class C felonies, the trial court sentenced Haddock to eight years each to be served consecutively to the other sentences. The sentences on the remaining counts were to be served concurrently.

## DISCUSSION AND DECISION[5]

1. *Aggravating and Mitigating Circumstances*

█ Haddock asks us to revise his sentence, arguing the trial court improperly weighed the aggravating and mitigating circumstances. He specifically complains the trial court did not recognize his lack of prior criminal history as a mitigating circumstance and considered improper aggravating circumstances.

█ Sentencing lies within the discretion of the trial court. *Bocko v. State,* 769 N.E.2d 658, 667 (Ind.Ct.App.2002), *reh'g denied, trans. denied* 783 N.E.2d 702 (Ind. 2002). If a trial court uses aggravating or mitigating circumstances to enhance the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Id.* The trial court is not required to find the presence of mitigating circumstances. *Id.* When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating. *Id.* The trial court's assessment of the proper weight of mitigating and aggravating circumstances and the appropriateness of the sentence as a whole is entitled to great deference and will be set aside only upon a showing of a manifest abuse of discretion. *Id.* Even a single aggravating circumstance may support the imposition of an enhanced sentence. *Id.*

5. We note that Haddock's brief is devoid of pinpoint citations to help us determine where, within a decision, support for his contentions may be found, or whether support can be found in that decision at all. We direct Haddock's counsel to Ind. Appellate Rule 22, which provides that citations to decisions in briefs are to follow the format put forth in the current edition of a Uniform System of Citation (Bluebook). When referring to specific material within a source, a citation should include both the page on which the source begins and the page on which the specific material appears. Uniform System of Citation Rule 3.3 (17th ed.2000). As we have often noted, we will not, on review, sift through the record to find a basis for a party's argument. Nor will we search through the authorities cited by a party in order to try to find legal support for its position. *Wright v. Elston,* 701 N.E.2d 1227, 1231 (Ind.Ct.App. 1998), *trans. denied* 714 N.E.2d 169 (Ind. 1999).

The trial court found as a mitigating circumstance that Haddock had suffered a dysfunctional, abusive childhood. The trial court specifically declined to find as a mitigating circumstance Haddock's lack of a prior criminal history, stating "[i]t's the Court's opinion this is your first criminal conviction only because the boys did not speak up sooner. This crime has been going on since they were toddlers for a period of at least six years." (Tr. at 333–34.)

The trial court found as an aggravating circumstance that Haddock violated the trust of D.H. and B.H. who viewed him as their father. It stated:

I think one of the most heart rending portions of the testimony the Court heard was that even on Christmas Eve when most children are looking forward to Santa when their mother's working to try to get more Christmas presents for them even then you inflicted abuse on them and raped them on Christmas Eve.

(*Id.* at 334.)

The trial court found a number of additional aggravating circumstances, including Haddock's lack of remorse, the lifelong psychological and physical injuries to D.H. and B.H., and Haddock's pending sexual abuse case involving a friend's daughter. Haddock's sexual abuse of his friend's daughter was found by the trial court to be proof that Haddock had a great likelihood of reoffending and was in need of correctional or rehabilitative treatment that can best be provided by a penal facility. Finally, the trial court found as an aggravating circumstance that the victims recommended the maximum sentence for Haddock.

■ Haddock is correct that the lack of a criminal history is usually a significant mitigating circumstance. *Carter v. State,* 711 N.E.2d 835, 843 (Ind.1999.) However, a "trial court need not regard or weigh a possible mitigating circumstance the same as urged by the defendant." *Corbett v. State,* 764 N.E.2d 622, 630 (Ind.2002.) The trial court adequately explained its unwillingness to consider Haddock's lack of a criminal history to be a mitigating circumstance.

Haddock also argues the trial court improperly considered Haddock's lack of remorse as an aggravating circumstance. He states: "The fact that the state so aggressively prosecuted Defendant on so many counts and that a sentence of 326 year [sic] was ultimately imposed suggests that admitting guilt and expressing remorse during any stage of the proceeding was not in Defendant's best interests." (Br. of Appellant at 12.)

■ Haddock correctly points out that he has the right to protest his innocence at all stages of the criminal proceeding, including sentencing. *Dockery v. State,* 504 N.E.2d 291, 297 (Ind.Ct.App.1987). The trial court did not, however, specifically find Haddock's lack of remorse to be a separate aggravating circumstance. In sentencing Haddock, the trial court stated: "I've seen no remorse from you. You refuse to accept responsibility even after admitting sexual acts to the police. Even in your admission of these sexual acts to the police you attempt to lay blame on two little boys for precipitating the offense[.]" (Tr. at 334.) Even though the trial court did not explicitly consider Haddock's lack of remorse to be an aggravating circumstance, it could have properly done so.[6]

---

6. During the pre-sentence investigation, Haddock declined to provide a written statement about his case. He did state "I would like to ask the Court for an oral motion to correct errors and to let the Court know that I intend to appeal." (App. at 266.)

*See Veal v. State,* 784 N.E.2d 490, 494 (Ind.2003).

Haddock also asserts his subsequent charge of molesting a teenage girl was improperly considered by the trial court as an aggravating circumstance. All of the cases cited by Haddock relate to arrests or charges made *before* the offense for which the defendant was being sentenced. Arrests that take place after the crime for which the sentence is being imposed are proper considerations in sentencing. *Miller v. State,* 709 N.E.2d 48, 49 (Ind.Ct.App.1999).

Haddock argues that reliance on his subsequent arrest as support for a finding that he would reoffend and was in need of correctional or rehabilitative therapy was improper. We disagree. The fact that Haddock, after moving out of A.H.'s house and into the house of a friend, was arrested for sexually abusing that friend's daughter indicates Haddock is a sexual predator.

Haddock also asserts as error the trial court's finding as an aggravating circumstance that the victims recommended the maximum sentence. He is correct. Recommendations from victims or their representatives are not mitigating or aggravating factors as those terms are used in the sentencing statute. However, such recommendations may properly assist a court in determining what sentence to impose. *Brown v. State,* 698 N.E.2d 779, 782 (Ind.1998). The trial court did not err in considering the victims' statements, but it improperly found them to be an aggravating circumstance.

Haddock does not challenge the trial court's finding that Haddock's violation of his position of trust and his infliction of "incalculable lifelong psychological injury" (Tr. at 335) upon the victims were aggravating circumstances.

We will remand for resentencing only if it cannot be said "with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances." *Pickens v. State,* 767 N.E.2d 530, 534 (Ind. 2002). Here, only one aggravating circumstance the trial court used was improper. Given the number and seriousness of the aggravating circumstances and the lack of mitigating circumstances, the trial court would likely impose the same sentence were we to remand. We therefore cannot say the trial court abused its discretion in identifying and weighing the aggravating and mitigating circumstances it used in sentencing Haddock.

### 2. *Inappropriate Sentence*

Haddock claims his 326–year sentence was inappropriate in light of his character and the nature of the offenses. "Ultimately this Court must determine whether a three hundred twenty-six year sentence, which is effectively a life sentence, is appropriate for the crimes committed here." (Br. of Appellant at 14.)

A sentence authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. App. R. 7(B); *Kien v. State,* 782 N.E.2d 398, 416 (Ind.Ct.App.2003), *reh'g denied, trans. denied* 792 N.E.2d 47 (Ind.2003). When considering the appropriateness of the sentence for the crime committed, the sentencing court should focus initially on the presumptive sentence. *Id.* It may then consider deviation from the presumptive sentence based on a balancing of the factors that must be considered pursuant to Ind.Code § 35–38–1–7.1(a)[7] together with

---

7. That section provides:

(a) In determining what sentence to impose

any discretionary aggravating and mitigating factors found to exist. *Id.*

■ The atrocities Haddock performed on these two small children over a period of years are horrific. The nature of these offenses, including repeated rapes and acts of bondage, forcing the children to perform oral sex on Haddock and on each other, and offering one of the children to a friend for that friend to sexually abuse, are just a few things that make the nature of Haddock's offenses heinous. We cannot say Haddock's sentence is inappropriate in light of the nature of his offenses.

Nor does Haddock's character warrant reduction of his sentence. We have often said maximum sentences should be reserved for the worst offenses and offenders. *See, e.g., Borton v. State,* 759 N.E.2d 641, 648 (Ind.Ct.App.2001), *trans. denied* 774 N.E.2d 508 (Ind.2002). Haddock acted as a father to these children yet sexually abused them on a weekly and sometimes daily basis. On occasion he tied them up to sexually abuse them. He sexually abused them on Christmas Eve. He threatened them with a loaded gun. Haddock fits squarely in the category of "worst offender," [8] and we find nothing about

---

for a crime, the court shall consider:
  (1) the risk that the person will commit another crime;
  (2) the nature and circumstances of the crime committed;
  (3) the person's:
    (A) prior criminal record;
    (B) character; and
    (C) condition;
  (4) whether the victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age;
  (5) whether the person committed the offense in the presence or within hearing of a person who is less than eighteen (18) years of age who was not the victim of the offense;
  (6) whether the person violated a protective order issued against the person under IC 31–15, IC 31–16, or IC 34–26–5 (or IC 31–1–11.5, IC 34–26–2, or IC 34–4–5.1 before their repeal); and
  (7) any oral or written statement made by a victim of the crime.

8. We acknowledge our supreme court's recent decision in *Serino v. State,* 798 N.E.2d 852 (Ind.2003). There the court engaged in a thoughtful and thorough review of the variety of methods adopted in American jurisdictions for determining criminal sentences and of the history and reasoning that led to the present Indiana system for appellate review and revision of criminal sentences.

Serino was charged with twenty-six counts of child molestation and found guilty of all of them. He was sentenced to 385 years. Our supreme court affirmed the convictions but reduced Serino's sentence to ninety years.

The court noted the molestation of the teenage male victim had continued over a period of three years, and the activities "sometimes occurred under especially distasteful circumstances," *id.* at 853, such as during overnight visits after Serino took the victim to church.

In determining Serino's sentence was inappropriate in light of Serino's character and the nature of his offense, the court noted "substantial uncontested testimony from numerous witnesses speaking to Serino's positive character traits" and letters supporting Serino. *Id.* at 858. Serino was described as a "spiritual mentor" who ministered to other inmates while in custody. *Id.* "Even the complaining witness and his mother had positive things to say about Serino." *Id.* The victim's mother stated "If he gets the minimum, that's fine with us." *Id.* The court noted sentences had been revised in several "factually similar cases—where there was one victim, multiple counts of molestation, and lack of a criminal history." *Id.*

We appreciate that Haddock's sentence, like Serino's, is "outside the typical range of sentences imposed for child molesting[.]" *Id.* However, as described in detail above, Haddock's case is distinguishable with regard to both Haddock's character and the nature of his offenses. Haddock molested two very young victims over a period of several years. His acts were often accompanied by bondage, violence and threats to hurt or kill the victims or their mother. There was evidence Haddock had molested an additional victim. He offered one of his victims to a friend who also abused the victim. Haddock, unlike Serino, is the proverbial "worst offender" for whom maximum sentences are to be reserved.

Haddock's character that requires reduction of his sentence.

Affirmed.

DARDEN, J., and BARNES, J., concur.