Alfredo Martez JOHNSON,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0512–CR–629.

Court of Appeals of Indiana.

Oct. 30, 2006.

Marce Gonzalez, Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

CRONE, Judge.

### Case Summary

Alfredo Martez Johnson appeals his thirty-year sentence for class A felony rape. We affirm.

### Issue

The issue is whether the trial court abused its discretion in considering matters regarding Johnson's mental illness and alleged remorse in imposing the presumptive sentence.

### Facts and Procedural History

Johnson was diagnosed with schizophrenia at age seventeen. On December 13, 2002, the twenty-seven-year-old Johnson had not been taking his medication for approximately two weeks. After smoking marijuana and drinking three forty-ounce malt liquors, he boarded a bus in Gary, Indiana, and followed seventeen-year-old S.H. off the bus. Johnson approached S.H. and put a glove in her mouth. He put his hands around her throat, dragged her into an alley, and threw her on the ground. S.H. tried to stab Johnson with her comb. Johnson told S.H., "You really want to die." Appellant's App. at 62. He again grabbed her throat until she could barely breathe and was nearly unconscious. Johnson had forced sexual intercourse with S.H., fled from the police, and threatened to commit suicide by jumping off a bridge. S.H. became pregnant and gave birth to a son.

On December 14, 2002, the State charged Johnson with class A felony rape, class D felony confinement, and class A misdemeanor resisting law enforcement. On September 20, 2005, Johnson agreed to plead guilty but mentally ill to rape, and the State agreed to dismiss the remaining charges. Johnson agreed to a sentence between twenty and fifty years.

On November 15, 2005, the trial court sentenced Johnson as follows:

In mitigation, the Court finds that the defendant pled guilty and accepted responsibility to the lead charge of rape, a Class A felony. In further mitigation, the Court finds that the defendant has been diagnosed with schizophrenia; has been treated for that illness prior to this crime, and this crime occurred thereafter.

In aggravation, the defendant has a juvenile adjudication for trespass. That juvenile adjudication has been admitted by the defendant. . . .

In further aggravation, the Court finds that the defendant's mental illness and lack of regularly taking medication causes erratic and unpredictable behavior. There is ample evidence in the record cited here today and admitted by the defendant, that on multiple occasions, the defendant had attempted suicide as a result of hearing voices.

After considering the mitigating factors and the aggravating factors, the Court finds that the aggravating and mitigating factors equal each other and more particularly, the Court is a bit concerned with the defendant's mental illness and as a non statutory aggravating factor, feels that the defendant is a risk if he is released from prison and does not take his medication. The Court finds that the aggravating factors and mitigating factors are equal to each other pursuant to an analysis on applica-

ble case law, as it relates to sentencing considerations.

Therefore, the defendant is ordered committed to the custody of the Department of Corrections for classification and confinement in a medium secure facility for a period of thirty years.

Tr. at 62–64.

## Discussion and Decision

 Johnson appeals his presumptive thirty-year sentence for class A felony rape.[1] First, he contends that the trial court improperly considered his mental illness as a mitigating and two aggravating circumstances. Second, he contends that the trial court improperly failed to find his remorse as a mitigating circumstance. We address each contention in turn, bearing in mind the following standard of review:

It is well established that sentencing decisions lie within the discretion of the trial court. Sentencing decisions are given great deference on appeal and will only be reversed for an abuse of discretion.

If the trial court finds aggravating or mitigating circumstances, then the trial court must make a statement of its reasons for selecting the sentence imposed. I.C. § 35–38–1–3. However, the trial court does not have to set forth its reasons for imposing the presumptive sentence. Thus, if the trial court does not find any aggravators or mitigators and imposes the presumptive sentence, then the trial court does not need to set forth its reasons for imposing the presumptive sentence. On the other hand, if the trial court finds aggravator[s] and mitigators,

concludes that they balance, and imposes the presumptive sentence, then, pursuant to I.C. § 35–38–1–3, the trial court must provide a statement of its reasons for imposing the presumptive sentence. *Gasper v. State*, 833 N.E.2d 1036, 1044 (Ind.Ct.App.2005) (some citations omitted), *trans. denied.* The trial court is not required to find mitigating factors. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind.Ct.App.2003). "When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating." *Id.*

 We disagree with Johnson's premise that the trial court considered his mental illness as a mitigating and two aggravating circumstances. The trial court found the mental illness itself to be a mitigating circumstance, while it found Johnson's *failure to control the mental illness* with medication and his *risk of re-offending* if he were released from prison and did not take his medication as separate aggravating circumstances. We find no abuse of discretion here. *Cf. Wessling v. State*, 798 N.E.2d 929, 939–40 (Ind.Ct.App.2003) (finding abuse of discretion where trial court considered defendant's diminished mental capacity as both a mitigating and an aggravating factor).

 As for Johnson's second contention, our supreme court has stated that a trial court's determination of a defendant's remorse is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind.2002). Without evidence of some impermissible consideration by the

---

1. The rape was committed when Indiana's presumptive sentencing scheme was in effect. Therefore, we apply the presumptive sentencing scheme to this case. *See Weaver v. State*, 845 N.E.2d 1066, 1070–72 (Ind.Ct.App.2006) (concluding that change from presumptive to advisory sentences constitutes a substantive, rather than procedural, change that should not be applied retroactively), *trans. denied; but see Samaniego–Hernandez v. State*, 839 N.E.2d 798, 805 (Ind.Ct.App.2005).

trial court, we will accept its determination as to remorse. *Id.* The trial court was in the best position to judge the sincerity of Johnson's statements that he was "sorry" that the rape happened because he was "not in [his] right state of mind" and that he attempted to commit suicide by putting his tongue on an electrical transformer "when [he] realized what [he] had done" because he "wanted [his] life to end right then and there." Tr. at 48, 58; *see Stout v. State,* 834 N.E.2d 707, 711 (Ind.Ct.App. 2005), *trans. denied.* In fact, this suicide attempt occurred almost two years after the rape, and Johnson had made other suicide attempts before the rape. We find no evidence of impermissible considerations by the trial court, and we find no abuse of discretion in its failure to find remorse as a mitigating circumstance.

Affirmed.

BAKER, J., concurs.

VAIDIK, J., dissents with separate opinion.

VAIDIK, Judge, dissenting.

I respectfully disagree with the majority that the trial court did not abuse its discretion in finding Johnson's mental illness as a mitigator and then in finding as aggravators that Johnson did not regularly take his medication for schizophrenia and that Johnson is a risk if he is released from prison and does not take his medication. Although the two aggravators are phrased differently from the mitigator that Johnson has schizophrenia, they both deal with Johnson's failure to take his medication, which is a hallmark of schizophrenia.

Johnson's mother testified at the sentencing hearing that Johnson oftentimes does not take his medication because "the voices are telling him that it's poison." Tr. p. 36. Johnson's mom, who administers his medication, went on to say that she "can't make a grown person do nothing that they don't want to do.... Now I don't know what he does with it afterwards he pretends like he swallows it or whatever." *Id.* Johnson's mom further explained that the "voices" tell Johnson that he does not need to take the medication. *Id.* at 37.

Studies show that chronic schizophrenic patients globally have a medication noncompliance rate of fifty percent. J.L. Young et al., *Medication Noncompliance in Schizophrenia: Codification and Update,* 14 Bull. Am. Acad. Psychiatry & Law 105 (1986), *abstract available at* http://www.nc bi.nlm.nih.gov/entrez/query.fcgi?CMD=Display & DB=pubmed. Noncompliance rates are higher with schizophrenic patients than with other patients. Salleh M. Razali & Hassan Yahya, *Health Education and Drug Counseling for Schizophrenia,* 4 Int'l Med. J. 187 (1997), *abstract available at* http://www.jicef.or.jp/wahec/ful230.htm. This is because as a result of the illness, schizophrenic patients have an impaired capacity to cooperate. *Id.* They also develop poor insight and have negative attitudes toward treatment. *Id.* Because medication noncompliance is very common in schizophrenic patients in general and with Johnson in particular, I believe that Johnson's mental illness is either a mitigator or it is not a mitigator, but it cannot be both a mitigator and two aggravators. *See Wessling v. State,* 798 N.E.2d 929, 939–40 (Ind.Ct.App.2003). Because the record does not contain any of the psychiatrists' reports concerning Johnson's mental illness, I am unable to determine the significance of Johnson's mental illness and the weight to which it is entitled.[2] I would

---

**2.** After pronouncing sentence, the trial court stated:

For purposes of the record the Court has considered the August 16, 2005 letter from

therefore remand the case for a new sentencing order.

Dr. Caruana, the December 23, 2003 letter from Dr. Caruana, the March 29, 2004 report from Dr. Prasad. The July 11, 2005 report from Dr. Prasad and the February 5, 2004 report from Dr. Caruana. In addition to the October 3, 2005 report from Dr. Koons, as well as the medical treatment summary provided by the State and made a record. The Court's previous medical reports will be made a group exhibit and made part or be made part of the record. Tr. p. 66. Despite these comments by the trial court, none of these documents are part of the record before us.