## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2018, 10:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal
Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy M. Brown III, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 21, 2018 <br><br> Court of Appeals Case No. 18A-CR-1327 <br><br> Appeal from the Knox Circuit Court <br><br> The Honorable Sherry B. Gregg Gilmore, Judge <br><br> Trial Court Cause No. 42C01-1707-F5-39 |

**Pyle, Judge.**

# Statement of the Case

Timothy Brown, III ("Brown"), appeals the three-year sentence imposed after he pled guilty to Level 5 felony escape.[1] Brown specifically argues that: (1) the trial court abused its discretion in sentencing him; and (2) his sentence is inappropriate in light of his character and the nature of his offenses. Concluding that the trial court did not abuse its discretion in sentencing Brown, and that his sentence is not inappropriate, we affirm the trial court's sentencing order.

We affirm.

# Issues

1.  Whether the trial court abused its discretion in sentencing Brown.

2.  Whether Brown's sentence is inappropriate in light of the nature of his offense and his character.

# Facts

In July 2017, Brown was serving a sentence at the Wabash Valley Regional Community Corrections Facility ("the Facility") for two misdemeanor convictions. While on an authorized smoke break in the parking lot, Brown

---

[1] IND. CODE § 35-44.1-3-4.

walked away from the facility without authorization. When a corrections officer found Brown walking in the street approximately fifteen to eighteen minutes later, Brown refused to get into the officer's van. The State charged Brown with Level 5 felony escape.

[4] At the May 2018 plea acceptance and sentencing hearing, Brown testified that he had left the facility to go home and talk to his fourteen-year-old son, who was associating with a bad crowd. However, Brown also testified that he knew that he could have used the facility's telephone to contact his son.

[5] The evidence at the sentencing hearing further revealed that Brown has a seventeen-year criminal history that includes eight felony and twenty-eight misdemeanor convictions. Brown's felony convictions include attempted robbery, possession of a controlled substance, sale of a controlled substance, uttering a forged instrument, possession of methamphetamine, and residential entry. His misdemeanor convictions include battery resulting in bodily injury, criminal trespass, possession of drug paraphernalia, theft, disorderly conduct, and operating a motor vehicle without ever receiving a license. Brown has also been unsuccessfully discharged from probation several times.

[6] The trial court found that Brown's criminal history was an aggravating factor. The court also found as an aggravating factor that there were violent offenses in Brown's criminal history. The trial court found Brown's guilty plea and expression of remorse to be mitigating factors.

Thereafter, the trial court concluded that there were "arguments on both sides of the aisle," and sentenced Brown to the Level 5 felony advisory sentence of three (3) years in the Department of Correction. (Tr. 44). Brown now appeals.

# Decision

## 1. Abuse of Discretion in Sentencing

[1] Brown first argues that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). So long as the sentence is in the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[2] Here, Brown argues that the trial court abused its discretion because it failed to find the circumstances of his offense to be a mitigating factor. Specifically, Brown claims that he "merely walked from the work release center toward his

family home for purpose of talking to his wayward son and trying to ensure his son did not repeat Brown's mistakes." (Brown's Br. 8). According to Brown, he intended to return to the work release center after talking to his son. Brown also points out that he was only gone from the facility for fifteen to eighteen minutes and that he was wearing a GPS tracking device.

[3] However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court has discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the defendant's proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[4] Here, our review of the record reveals that Brown left the Facility without authorization. When the officer found him and told him to get into the officer's van, Brown refused. Brown also admitted that he could have contacted his son by telephone. Based on these facts, the trial court did not abuse its discretion in failing to consider the circumstances of the offense as a mitigating factor.

## 2. Inappropriate Sentence

[5] Brown further argues that his three-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by

statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[6] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for Level 5 felony is one to six years. IND. CODE § 35-50-2-6. The advisory sentence is three years. *Id*. Here, the trial court sentenced Brown to three years, which is the advisory sentence.

[7] Regarding the nature of the offense, we note that Brown left a community corrections facility without authorization. When a corrections officer found him walking in the street approximately fifteen to eighteen minutes later, Brown refused to get into the officer's van. Turning to Brown's character, we note that he has a seventeen-year criminal history that includes thirty-six prior convictions, including eight felony convictions and twenty-eight misdemeanor convictions. These multiple convictions reflect poorly on Brown's character. *See Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014) (explaining that "even a minor criminal history is a poor reflection of a defendant's character"),

*trans. denied*. In fact, the multiple convictions could likely support a longer sentence. *See McCullough v. State*, 900 N.E.2d 745, 749 (Ind. 2009) (holding that "appellate review and revise authority derived from Article 4 of the Indiana Constitution likewise includes the power to either reduce or increase a criminal sentence on appeal"). Nevertheless, Brown has failed to meet his burden to persuade this Court that his three-year sentence for his Level 5 felony escape conviction is inappropriate.

Affirmed.

Najam, J., and Altice, J., concur.