# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyle R. Griffith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 10, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2496<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause No.<br>84D01-1804-F2-1107<br>84D01-1804-F4-1172<br>84D01-1407-F5-1838 |

**Tavitas, Judge.**

# Case Summary

Kyle R. Griffith appeals his fourteen-year aggregate sentence, received pursuant to his guilty plea, for battery with a deadly weapon, a Level 5 felony, and possession of a handgun as a serious violent felon, a Level 4 felony. We affirm.

# Issues

Griffith raises two issues, which we restate as:

 I. Whether the trial court relied upon improper aggravating circumstances in imposing Griffith's enhanced sentence.

 II. Whether the trial court gave insufficient mitigating weight to Griffith's testimony.

# Facts

On March 19, 2018, while he was on parole and probation from an earlier offense, Griffith entered his sister's home and struck her boyfriend with a handgun.[1] Griffith was under the influence of methamphetamine and bath salts, which caused him to experience hallucinations and paranoid delusions. On April 5, 2018, the State charged Griffith under cause number 84D01-1804-F2-1107 with burglary, a Level 2 felony; battery by means of a deadly weapon, a Level 5 battery; and unlawful possession of a firearm by a serious violent felon, a Level 4 felony. At the time of his arrest, Griffith had a handgun in his

---

[1] On July 14, 2014, the State charged Griffith under cause number 84D01-1407-F5-1838 with battery by means of a deadly weapon, a Level 5 felony, and criminal mischief, a Class B misdemeanor. He pleaded guilty to battery by means of a deadly weapon and was sentenced to four years executed pursuant to a plea agreement.

possession. Accordingly, on April 10, 2018, the State charged Griffith under cause number 84D01-1804-F4-1172 with unlawful possession of a firearm by a serious violent felon, a Level 4 felony.

[4] On September 21, 2018, Griffith pleaded guilty to battery with a deadly weapon in 84D01-1804-F2-1107 and unlawful possession of a handgun as a serious violent felon in 84D01-1804-F4-1172.[2] At sentencing, Griffith admitted his involvement with the criminal justice system since he was eleven years old; he also admitted that he failed treatment offered by the juvenile justice system and that he failed to complete the Freebirds program.[3] Griffith admitted that he was on parole for his earlier conviction when he committed the 84D01-1804-F2-1107 and 84D01-1804-F4-1172 offenses. Also, Griffith's placements in community corrections and on probation were revoked in past cases.

[5] In its sentencing statement, the trial court explicitly found, as aggravating factors, Griffith's prior criminal history and Griffith's violation of his probation and parole. The trial court sentenced Griffith to a five-year executed term in 84D01-1804-F2-1107 and to a nine-year consecutive term in 84D01-1804-F4-1172, for an aggregate sentence of fourteen years. Griffith now appeals.

---

[2] Griffith also admitted to violating the terms of his earlier probation and parole for the 84D01-1407-F5-1838 offense by committing the new offenses charged in 84D01-1804-F2-1107 and 84D01-1804-F4-1172; the trial court did not impose a sanction for Griffith's admitted probation violations. Griffith does not challenge the 84D01-1407-F5-1838 probation violation adjudication on appeal.

[3] The Freebirds program is a sober living program that provides housing in a sober environment for people recovering from addiction.

# Analysis

## I. *Improper Aggravating Factors*

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. If a trial court abuses its discretion by improperly considering an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

Griffith argues that the trial court "improperly considered [his] possession of a handgun in both cases as an aggravating factor." Appellant's Br. p. 5. According to its oral and written sentencing statements, the trial court found

only two aggravating factors: (1) Griffith's prior criminal history; and (2) Griffith's violation of his probation and parole. The record is clear that the trial court did not consider Griffith's possession of a handgun in either the 84D01-1804-F2-1107 or 84D01-1804-F4-1172 causes as an aggravating factor. In recounting Griffith's long criminal history, the trial court merely remarked that Griffith committed violent offenses with a deadly weapon.[4] In so doing, the trial court properly considered the severity of Griffith's criminal history, coupled with his drug addiction, in sentencing him. The record does not support Griffith's contention that the trial court improperly identified Griffith's possession of a handgun as an aggravating factor.

[9] Also, Griffith claims that the trial court abused its discretion by relying "upon factors which are not supported by the record." Appellant's Br. p. 8. Specifically, he argues that "there is no evidence in the record to support the trial court's apparent opinion that . . . Griffith would have shot [his sister's boyfriend]." *Id.* This is belied by the record.

[10] In discussing Griffith's violent tendencies caused by his drug-induced psychosis, the trial court stated, "there would have been every circumstance for an impulse

---

[4] This observation was based on Griffith's pre-sentence investigation report, which listed his prior criminal history including juvenile adjudications for the following acts, that if committed by an adult, would be: (1) criminal conversion, a Class A misdemeanor (2004); (2) theft, a Class D felony (2006); (3) criminal mischief, a Class B misdemeanor (2006); (4) criminal recklessness, a Class A misdemeanor (2006); (5) false reporting, a Class B misdemeanor (2007); (6) false reporting, a Class B misdemeanor, resisting law enforcement, a Class A misdemeanor, and battery on law enforcement, a Class D felony (2008). Griffith's adult criminal history includes convictions for: (1) robbery resulting in bodily injury, a Class B felony, and battery with a deadly weapon, a Class C felony (2011) (one probation violation); (2) escape, a Class C felony (2012); and (3) battery with a deadly weapon (2015) (two probation violations).

for [Griffith] to pull the trigger and shoot" his sister's boyfriend. Tr. p. 30. Griffith's argument mischaracterizes the trial court's statement. The trial court's comment was merely an observation of the gravity of the offense.

[11] Next, Griffith asserts that the trial court found his admitted probation violation to be an aggravating factor. Griffith contends that, "[c]learly, the fact of a probation violation is a necessary element in a charge that he had violated his probation." Appellant's Br. p. 8. Griffith was actively on parole and probation when he committed the instant offenses. Pursuant to Indiana Code Section 35-38-1-7.1(a)(6), a trial court may consider recent probation and parole violations as aggravating factors. Griffith has failed to show that the trial court abused its discretion in recognizing his recent probation violation as an aggravating factor.

[12] Even if the trial court had considered improper aggravators, another valid aggravating circumstance, that Griffith does not challenge, justify the sentence enhancement. In detailing Griffith's violent criminal history, the trial court noted:

> You've got a violent offense as a juvenile, you've got robbery with bodily injury, inflicted with a deadly weapon in 2011, you've got the escape, you turn around and commit battery with a deadly weapon in 2015, you've got battery with a deadly weapon now, and then you've got violent felon in possession of a weapon, so that's become a part of who you are is carrying this weapon, which, in my mind, makes your addiction even more scary.

Tr. Vol. II p. 30. Accordingly, Griffith has not convinced us that the trial court abused its discretion in sentencing him.

## II. *Overlooked Mitigating Factor*

[13] Griffith further contends that the trial court gave insufficient mitigating weight to Griffith's testimony that his family understood that he would not have committed the offense absent his drug-induced psychosis. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court has discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the defendant's proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. A trial court's sentencing order may not be challenged as reflecting an improper weighing of aggravating or mitigating circumstances. *Id*. at 491.

[14] To the extent that Griffith asks us to afford more mitigating weight to his testimony that his family knew that he would not have committed the offense but for his drug-induced psychosis, we cannot do so. *See id.*, (holding that "the relative weight or value assignable to" aggravating or mitigating circumstances that were either found or overlooked is not subject to review for abuse). Moreover, to the extent that Griffith contends the trial court erred by failing to consider this contention as a mitigating factor, the circumstance is neither

significant nor clearly supported by the record. The trial court did not abuse its discretion in declining to find, as mitigating, that Griffith would not have committed the offense absent his drug usage.

# Conclusion

The trial court did not abuse its sentencing discretion by relying upon improper aggravating circumstances or by declining to find a proposed mitigating circumstance. We affirm.

Affirmed.

Crone, J., and Bradford, J., concur.