## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2019, 6:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Ray Gipson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 16, 2019

Court of Appeals Case No.
18A-CR-51

Appeal from the Grant Superior Court

The Honorable Dana Kenworthy, Judge

Trial Court Cause No.
27D02-1509-FA-4

**May, Judge.**

[1] James Ray Gipson appeals following his convictions of four counts of Class B felony child molesting,[1] seven counts of Class A felony child molesting,[2] four counts of Class B felony incest,[3] one count of Class D felony child solicitation,[4] and one count of Class B felony attempted incest.[5] He argues the trial court abused its discretion when sentencing him to consecutive sentences. We affirm.

## Facts and Procedural History

[2] Gipson has two daughters, C.G. and J.S., born in 1984 and 1986, respectively. Gipson's inappropriate behavior began when C.G. was nine years old. On multiple occasions Gipson walked in while C.G. was taking a bath. Gipson also showered with C.G. and would become aroused during those showers. When C.G. was between the ages of ten and twelve, Gipson would rub C.G.'s legs, using shin splints as an excuse. Gipson would eventually slide his hands all the way up C.G.'s legs and touch C.G.'s vagina.

[3] When C.G. was in fifth grade, Gipson discovered love notes from boys to C.G. Gipson read the notes with C.G. and told her the boys wanted to have sex with her. Gipson told C.G. she needed to have her first sexual experience with him.

---

[1] Ind. Code § 35-42-4-3 (a) (1994).

[2] Ind. Code § 35-42-4-3(a)(1) (Three counts in 1996) (Four counts in 1998).

[3] Ind. Code § 35-46-1-3 (1994).

[4] Ind. Code § 35-42-4-6 (a)(1) (1994).

[5] Ind. Code § 35-46-1-3 (1994) & Ind. Code § 35-41-5-1 (1977).

When C.G. was thirteen, Gipson told C.G. incest was allowed, because it was in the Bible, and Gipson read multiple verses about incest to C.G.

[4] Gipson also molested J.S. regularly, at least once a week for six years. Starting when J.S. was in third grade, Gipson used shin splints as an excuse to rub J.S.'s legs. Gipson would slide his hands up her leg and then put his fingers in her vagina. Gipson would also have J.S. put her feet on his lap against his penis. Gipson would become aroused when this happened. Whenever J.S. was in the pool Gipson would make J.S. kiss him while he rubbed her body. Gipson told J.S. the molestation means "I love you and it means you love me and this is what we're supposed to do." (Tr. Vol. III at 83.)

[5] The last incident occurred during a sleepover. J.S. and her friends were sleeping in the backyard. J.S. woke up while Gipson was standing over her with his fingers in her vagina. J.S. told C.G. what Gipson did and how he had molested her for years. C.G. and J.S. agreed to stay away from Gipson.

[6] In April 2015, C.G. and J.S. reported Gipson to the police. Gipson was charged with of four counts of Class B felony child molesting, seven counts of Class A felony child molesting, four counts of Class B felony incest, one count of Class D felony child solicitation, and one count of Class B felony attempted incest. A jury found Gipson guilty on all seventeen counts.

[7] The trial court sentenced Gipson to thirty-five years for each Class A felony, ten years for each Class B felony, and one-and-a-half years for the Class D felony. The trial court ordered the Class B felonies, the Class D felony, and four of the

Class A felonies served concurrent with three Class A felonies, but ordered those three Class A felonies served consecutively, for an aggregate sentence of one-hundred-and-five years in prison.

# Discussion and Decision

[8] "We initially observe that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). A trial court abuses its discretion by: "(1) issuing an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, or (4) finding factors that are improper as a matter of law." *Gleason*, 965 N.E.2d at 710.

[9] "[T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in Indiana Code § 35-38-1-7.1(b) and Indiana Code § 35-38-1-7.1(c) in making a determination under this subsection." Ind. Code § 35-50-1-2(c) (1996). Gipson argues the trial court abused its discretion in

ordering consecutive sentences because it failed to articulate evidence to justify the sentence.

[10] The trial court found many aggravating factors that allowed the consecutive sentence. Gipson was in a position of trust with his victims. C.G. and J.S were Gipson's daughters and lived with him and their mother in the family's home. *See Edrington v. State*, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009) (defendant violating position of trust with victim allowed for an enhanced sentence), *trans. denied.* The trial court also pointed out that J.S. was nine-years-old at the time of the first offense and the abuse went on for many years. C.G. and J.S. continued into their adulthood to experience negative consequences from the abuse. Specifically, J.S. continues to experience panic attacks and struggle with adult relationships and low self-esteem. (*See* Tr. Vol. IV at 211-13.) C.G. said she still is "not right" after what Gipson did to her. (Tr. Vol. II at 236.) The trial court noted Gipson has a narcissistic personality, is a repeat offender, and used religion to perpetrate his crimes. The trial court stated:

> I think the evidence in this case was clear throughout particularly during Mr. Gipson's testimony that he is what I would say is the worst of the worst. Um, he is narcissistic. He is a pedophile. He is a predator, and he enlisted religion to perpetrate his crimes, um, on his biological children.

(Tr. Vol. IV at 224.)

[11] The trial court found no mitigating factors. Gipson argues that, when sentencing him, the court did not consider his "traumatic injury." (Br. of

Appellant at 9.) "When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating." *Johnson v. State*, 855 N.E.2d 1014, 1016 (Ind. Ct. App. 2006), *trans. denied*. During trial, reference was made to hand injuries. Gipson explained he was involved in a gasoline accident that left him without the use of his hands for two years. (Tr. Vol IV at 10-11.) During sentencing, Gipson referred to a "traumatic brain injury," and mental health issues.[6] (*Id.* at 221-222.) We are unsure whether Gipson asserts the trial court should have found a mitigator in his hand injury, a traumatic brain injury, or his self-reported mental health issues. Because it is unclear which injury is the traumatic injury the court should have found, we cannot conclude the trial court abused its discretion. *See Battle v. State*, 688 N.E.2d 1230, 1237 (Ind. 1997) (trial court's failure to find any mitigating circumstances was not an abuse of discretion).

[12]    In summary, the trial court found a number of aggravators that could be used to justify consecutive sentences, and Gipson has not demonstrated the trial court abused its discretion in failing to find his purported mitigator. We accordingly find no abuse of discretion in the court's imposition of consecutive sentences for three of Gipson's seventeen convictions. *See O'Connell v. State*, 742 N.E.2d 943,

---

[6] In the Presentence Investigation, Gipson reported being diagnosed with depression four different times. Gipson also reported being diagnosed with Post Traumatic Stress Disorder (PTSD) in 1970, 1973, 1991 through 1993, and 2001. Gipson received counseling for his PTSD for two years after burning his hands, but quit going in 1991. (App. Vol. III at 11.) We found no mention of a brain injury in the Presentence Investigation.

952 (Ind. 2001) (multiple victims or multiple crimes justifies imposing consecutive sentences).

# Conclusion

[13]     The trial court properly found aggravators allowing it to sentence Gipson to consecutive sentences and did not have to consider the same mitigating factors the defense did.  Thus, the trial court did not abuse its discretion when sentencing Gipson.  Accordingly, we affirm.

[14]     Affirmed

Baker, J., and Tavitas, J., concur.